UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **United States of America,** | **File No. 19-CR-91 (SRN)** |
| **Plaintiff,** | |
| | **ORDER** |
| v. | |
| **Nicholas Scott Campbell,** | |
| **Defendant.** | |

Katharine T. Buzicky and Craig R. Baune, United States Attorney's Office, 300 South Fourth Street, Ste. 600, Minneapolis, MN 55415, for the Government

Keala C. Ede, Office of the Federal Defender, 300 S. 4th St., 107 U.S. Courthouse, Minneapolis, MN 55415, for the Defendant

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on remand from the opinion of the Eighth Circuit Court of Appeals in *United States v. Campbell*, __ F.3d __, No. 19-3226, 2020 WL 4814124 (8th Cir. Aug. 19, 2020) (per curiam), and Defendant Nicholas Scott Campbell's Motion for an Extension of Time [Doc. No. 74].

In its August 19, 2020 opinion, the Eighth Circuit found that the filing date of the amended judgment in this case, September 26, 2019, did not trigger a new time for the filing of Campbell's appeal. *Id.* at *2. It found that the amended judgment did not disturb or revise any legal rights and obligations, because it did not make a material change to the initial judgment, filed on September 16, 2020. *Id.* at *2. Accordingly, the Eighth Circuit found that Campbell's appeal—filed 21 days after the September 16 original judgment—failed to

comply with the 14-day deadline for the filing of a criminal appeal set forth in Federal Rule of Appellate Procedure 4(b)(1)(A)(i). *Id.* However, the court observed that under Federal Rule of Appellate Procedure 4(b)(4), a district court may extend a defendant's time for filing a notice of appeal, upon a showing of excusable neglect or good cause. *Id.* Rather than dismiss Campbell's appeal, the Eighth Circuit remanded the matter to this Court to make a finding as to whether excusable neglect applies. *Id.*

The Court finds that Campbell's untimely filing was caused by excusable neglect. The filing delay of seven days was very brief and had limited impact, if any, on the judicial proceedings, and granting Defendant's motion will not prejudice the Government. *See Gibbons v. United States*, 317 F.3d 852, 854 (8th Cir. 2003) (discussing factors for courts to consider when making the equitable determination of whether a party's neglect of a deadline is excusable, which include the danger of prejudice to the nonmovant, the length of the delay and its possible impact on the proceedings, the reason for the delay and whether it was in the movant's reasonable control, and whether the movant acted in good faith). Although the reason for the delay was within Defendant's reasonable control, Campbell believed in good faith that the amended sentencing judgment constituted a significant revision of his legal rights and obligations, and therefore, was a material change that would restart the appellate filing deadline. (*See* Def.'s Mem. Supp. Mot. for Extension at 13.) Under these circumstances, the Court finds that pursuant to Federal Rule of Appellate Procedure 4(b)(4), excusable neglect applies. Campbell's time to file a notice of appeal thus extends for a period not to exceed 30 days from the expiration of the 14-day period that Rule 4(b)(1)(A)(i) establishes. Fed. R. App. P. 4(b)(4).

For all of the foregoing reasons, Defendant's Motion for an Extension of Time [Doc. No. 74] is **GRANTED**.


Dated:  August 24, 2020                             s/Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge

3